Martin, J.
In this case, we gave judgment in March, 1819, and a re-hearing was soon after obtained. Nothing has been done in it since, and it is now submitted without an argument. It becomes, in my opinion, unnecessary for us to say any thing, except that the contested point, viz. the irregularity of the notice, has been re-examined in the case of Chandler vs. Sterling, in April last. 9 Martin, 565.
I conclude, that the former judgment ought to remain undisturbed.
Mathews, J.
I think so.
It is therefore ordered, adjudged and decreed, that the former judgment of this court *89 be certified to the district court, as if no re-hearing had been granted.
The judgment given in March, 1819, was as follows:—
Mathews, J.
delivered the opinion of the court. In this case, Spencer, the holder of a hill of exchange, sues the defendant as endorser, and having obtained judgment against him in the court below, took the present appeal.
The only ground, on which the appellant resists payment, is want of due and reasonable notice of the dishonor of the bill by the drawer. It appears by the evidence in the case, that the holder made no attempt to communicate its fate to his immediate endorser, until about a month after the bill was protested.
Questions relating to the reasonableness of notice, in cases like the present, partake both of law and fact; they depend on facts such as the distance at which the parties live from each other, the course of the posts, &c. But when those facts are established, reasonableness of time becomes a question of law. Notice must be given by the earliest ordinary conveyance, unless under extraordinary cir *90 cumstances, which may excuse a greater delay. But the application of this rule of the law of merchants must depend on the proof of facts which shew the course of such conveyances, and the period at which they leave the place from where notice is to he given, destined to that where it is intended to send it, &c.
The laws of congress, on the subject of posts, do not fix and determine the period at which they are to leave any particular place in the united states, in their course through the union. It is believed that such regulations are left to the post-master general, and can be ascertained only by evidence, as in matter of fact. There is nothing found in the record of the present suit, shewing the periods at which the post leaves Nashville, or Charlotte, in Tennessee, for St. Francisville, in this state. The case was submitted to a jury in the district court, who found a general verdict in favour of the plaintiff, which amounts to a finding of all facts necessary to the support of their verdict; and it does not appear that any evidence was produced to establish such facts as are necessary to reduce the question of reasonableness, in relation to the *91 time of giving notice, to one of law alone. We are of opinion that there in no error in the judgment of the district court.
Morse for the plaintiff, Duncan for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed with costs.